IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DEREK CUNNINGHAM, II,

    Petitioner,

v.                                             No. 2:21-cv-2809-MSN-tmp

MICHAEL PARIS,

    Respondent.

---

**ORDER GRANTING MOTION TO DISMISS UNTIMELY PETITION**
**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

On August 10, 2021, Petitioner Derek Cunningham, II, Tennessee Department of Correction ("TDOC") prisoner number 555452, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition," ECF No. 1) in the United States District Court for the Eastern District of Tennessee.[1] On December 28, 2021, the case was transferred to this Court. (ECF No. 7.) On January 27, 2022, the Court ordered the Respondent to file a response and the state court record. (ECF No. 13.) On February 15, 2022, the Respondent filed the state court record. (ECF No. 16.) On February 17, 2022, Respondent filed a Motion to Dismiss Untimely Petition for Writ of Habeas Corpus with a supporting memorandum. (ECF No. 17.) Petitioner has not filed a response, and the period for responding has expired. For the reasons

---

[1] The outgoing mail stamp on the petition is stamped for August 9, 2021. (ECF No. 1 at PageID 8.)

stated below, the Motion to Dismiss Untimely Petition for Writ of Habeas Corpus is **GRANTED**.

## BACKGROUND

In March 2014, a Shelby County Grand Jury indicted Petitioner for first-degree premeditated murder, felony murder, especially aggravated robbery, and aggravated robbery. *Cunningham v. State*, No. W2016-01974-CCA-R3-PC, 2017 WL 2972229, at *1 (Tenn. Crim. App. July 12, 2017). (ECF No. 16-1 at PageID 23-27.) Pursuant to a plea agreement, the Petitioner was convicted of second-degree murder and sentenced to thirty years of incarceration. *Id.* (*See id.* at PageID 29-30.) Judgment was entered on August 28, 2015. (*Id.* at PageID 31.) Petitioner did not appeal.

Petitioner filed a petition for post-conviction relief on April 13, 2016. (*Id.* at PageID 32–41.) On September 12, 2016, after holding an evidentiary hearing, the trial court denied the post-conviction petition. (*Id.* at PageID 54–58.) Petitioner appealed. (*Id.* at PageID 60–61.) On July 12, 2017, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the denial of post-conviction relief. (ECF No. 16-13.) Petitioner sought permission to appeal to the Tennessee Supreme Court ("TSC"). (ECF No. 16-15.) On October 5, 2017, the TSC denied permission to appeal. (ECF No. 16-16.)

On October 16, 2018, Petitioner filed a Motion to Vacate, Correct and/or Otherwise Set Aside Illegal Sentence. (ECF No. 16-17 at PageID 204–11.)[2] On October 31, 2018, the Court denied the motion. (*Id.* at PageID 214.) On November 15, 2018, Petitioner appealed. (ECF No. 16-18.) The TCCA affirmed the trial court's denial of the motion. (ECF No. 16-24 at PageID 252–53.) Judgment was entered on April 29, 2019. (ECF No. 16-25.)

---

[2] Petitioner filed two identical motions for correction of an illegal sentence in the state courts. (*See* ECF No. 16-17 at PageID 214; *see* ECF No. 16-24 at PageID 251.)

## ANALYSIS

Respondent argues that the instant § 2254 Petition was filed more than three years late and that the Petitioner is not entitled to equitable tolling. (Civ. No. 21-2809, ECF No. 17-1 at PageID 260–61.) Petitioner asserts that his constitutional rights were violated due to his counsel's misguidance and outcome determinative failure to file the appropriate applications with the higher court. (ECF No. 1 at PageID 7.) He contends that his counsel was neither impartial nor effective. (*Id.*)

Moreover, 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner failed to appeal, his conviction became final on Monday, September 27,

2015, thirty days after the trial court entered judgment.[3] *See* Tenn. R. App. P. 4(a). Petitioner had one year from the date his conviction became final, until September 27, 2016, to file his § 2254 Petition. *See* 28 U.S.C. § 2244(d)(1)(A).

However, the limitations period was tolled under 28 U.S.C. § 2244(d)(2) when Petitioner filed his post-conviction petition on April 13, 2016. By that time, 198 days of the limitations period had passed. The limitations period remained tolled until the TSC denied permission to appeal on October 5, 2017. The limitations period recommenced on October 6, 2017, and expired 167 days later, on March 22, 2018.

By the time Petitioner filed his motion to correct illegal sentence on October 16, 2018, the statute of limitations had expired. That motion did not revive the statute or have any tolling effect. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations") (internal quotation marks and citation omitted); *see Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013) ("while Eberle's plea-withdrawal motion could have stopped the running of the clock had it been filed in the one-year window that closed in October 2007, it was not filed then. After the window closed, there was nothing left to toll.")

Petitioner filed the instant petition in August 2021, more than three years after the expiration of the statute of limitations expired in March 2018; thus, it is time barred.

---

[3] Because the thirtieth day fell on Sunday, September 27, 2015, Petitioner had until Monday, September 28, 2015, to file an appeal. *See* Fed. R. Civ. P. 6(a)(1)(C).

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (internal quotation marks omitted), *abrogated on other grounds as recognized in Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012). The § 2254 limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–49 (2010). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *see also Vroman*, 346 F.3d at 604; *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner blames the late filing of his petition on his counsel in state court without specifically stating how counsel's misconduct, if any, led to the late filing of his federal habeas petition. "Attorney neglect or error does not generally give rise to equitable tolling." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012); *see Giles v. Beckstrom*, 826 F.3d 321, 325–26 (6th Cir. 2016) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007).) However, the Supreme Court has held that serious instances of attorney misconduct may rise to the level of an extraordinary circumstance would justify equitable tolling. *Id*. (citing *Holland*, 560 U.S. at 651–52). Here, Petitioner has not alleged a serious instance of attorney misconduct that led to the late filing of his petition. Therefore, Petitioner has not shown an entitlement to equitable tolling.

5

## CONCLUSION

For the foregoing reasons, the § 2254 Petition is time-barred and Petitioner is not entitled to equitable tolling. The Motion to Dismiss Untimely Petition for Writ of Habeas Corpus is **GRANTED**, and the § 2254 Petition is **DISMISSED** with prejudice. Judgment shall be entered for Respondent.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & 3. A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

6

Here, there is no question that the claims alleged are barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a COA.

For the reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[4]

**IT IS SO ORDERED** this 23rd day of May, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[4] Should Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).